The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on three questions concerning the use of a public room for political purposes. Specifically, your three questions are as follows:
 1. Does subsection 3 of 7-1-103 of the Arkansas Code (Annotated) which disallows government employees and elected officials from using government offices to campaign for elective office, apply to a public meeting room at a public library which is available to all members of the community?
 2. If the answer to this question is yes, are there any situations in which an elected official or government employee could use this room for his or her campaign?
 3. If the statute mentioned does prohibit government employees and elected officials from using the room, is it permissible to allow other candidates who are not government employees or elected officials to use the meeting room for campaign purposes?
You state that "[t]he room in question is a public meeting room, and a public debate or forum where all candidates are invited is proposed. The library has followed a policy that permits political candidates who are not government employees or elected officials to use the library's meeting room for their campaign but is concerned that government employees and elected officials may be prohibited by the above mentioned statute from similar use."
RESPONSE
It is my opinion that the answer to your first question is "no." Section7-1-103(a)(3) (Repl. 2000) of the Arkansas Code does not prohibit government employees or elected officials from using the meeting room you describe for the prohibited purposes, as long as the room is "regularly used by members of the public for such purposes without regard to political affiliation." An answer to your second and third questions is therefore unnecessary.
Question 1 — Does subsection 3 of 7-1-103 of the Arkansas Code(Annotated) which disallows government employees and elected officialsfrom using government offices to campaign for elective office, apply to apublic meeting room at a public library which is available to all membersof the community?
The relevant statutory subsection provides in pertinent part as follows:
 No public servant, as defined in § 21-8-402(17), shall use any office or room furnished at public expense to distribute any letters, circulars, or other campaign materials, unless such office or room is regularly used by members of the public for such purposes without regard to political affiliation. [Emphasis added.][1]
As an initial matter, I must note that you have not specifically indicated that access to the room is sought to "distribute any letters, circulars, or other campaign materials." This is the activity prohibited by the relevant subsection. You refer only to a "public debate or forum" and to the fact that candidates who are not also public employees or officials are allowed to use the room "for their campaign." Assuming, however, that the prohibited activity is contemplated by your question, it is my opinion, nevertheless, that subsection (a)(3) would not prohibit the conduct by public servants under the facts you describe.
Clearly, there is an exception in the statute for rooms which, although furnished at public expense, are regularly used by members of the public for distributing such materials. My predecessor had occasion to discuss this subsection in Op. Att'y. Gen. 98-138. At issue in that opinion was the delivery, by a campaign aide of the Governor, of a press release to the "press room" at the state capitol building. The room was publicly funded and occupied by members of the press. The opinion notes that several unresolved factual issues might impact the initial applicability of the statute, but the Attorney General concluded that, in any event, application of the prohibition to those facts "would not be consistent with the legislative intent," stating:
 If A.C.A. § 7-1-103[a](3) were applied in this instance, it would have the effect of prohibiting the action described on the part of your campaign, but authorizing it as to the campaign of your opponent. Again, the prohibition in 7-1-103[a](3) operates only against "public officer[s], deput[ies] or assistant[s] who are also candidates for office. This restriction makes perfect sense when applied to prohibit incumbent officeholders from misusing, for campaign purposes, any special access they have to public property. It makes no sense when applied to differentiate among candidates seeking access to a publicly-funded press room which is ordinarily available to all candidates, public officers and private citizens alike.
Op. Att'y. Gen. 98-138 at 3.
It is my opinion, in a similar vein, that the exception language of A.C.A. § 7-1-103(a)(3) appears to control your question. You indicate that the room is available to" political candidates who are not government employees or elected officials" for campaign purposes. If it is regularly used for such purposes during campaign season without regard to political affiliation, it is my opinion that the exception to A.C.A. § 7-1-103(a)(3) is applicable, and the statute does not prohibit equal access to political candidates who are also government employees or elected officials. It is therefore my opinion that the answer to your first question is "no."
Question 2 — If the answer to this question is yes, are there anysituations in which an elected official or government employee could usethis room for his or her campaign?
In light of the response to Question 1, an answer to this question is unnecessary.
Question 3 — If the statute mentioned does prohibit government employeesand elected officials from using the room, is it permissible to allowother candidates who are not government employees or elected officials touse the meeting room for campaign purposes?
In light of the response to Question 1, an answer to this question is unnecessary.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This subsection was amended by Acts 1999, No. 553.